UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL KLUMPP,

           Plaintiff,

    v.                            Case No. 24-CV-439

WASHINGTON COUNTY COURTHOUSE, et al.,

           Defendants.

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE

Currently pending before the court is Michael Klumpp's Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed the plaintiff's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee will be granted.

Because the court is granting the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915. Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States

solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless

2
Case 2:24-cv-00439-BHL    Filed 04/23/24    Page 2 of 6    Document 6

legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000), *abrogated on other grounds by Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded, non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in the plaintiff's complaint. The complaint is difficult to understand, but from what the court can discern the plaintiff is upset about what happened in Washington County Case Number 2006CM000481. Court records indicate that, following a jury trial, the plaintiff was convicted of a fourth offense of operating under the influence. *See* https://wcca.wicourts.gov. The plaintiff alleges that his attorney, Jeffrey A. Jaeger, "failed his oath to defend" him. (ECF No. 1 at 2.) He alleges that Jaeger and a police officer conspired to violate his rights. He asks that Jaeger and the officer receive jail time, that he receive either a new trial or dismissal of the charge, an investigation by the FBI, and "$750,000 plus punitive." (ECF No. 1 at 4.)

There are many problems with the complaint. Aside from its general lack of clarity regarding his allegations, it is unclear who the plaintiff intends to name as defendants. Much of what he seeks is beyond the scope of appropriate relief. His

complaint is untimely.[1] A civil rights lawsuit cannot be used to upset or undermine a criminal conviction, and therefore his claims appear barred under *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L.Ed.2d 383, 394 (1994). And the plaintiff's conclusory allegations are insufficient to plausibly allege that a conspiracy to violate his constitutional rights existed between Jaeger and any state actor.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that the plaintiff's complaint and this action be **dismissed**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

**IT IS FURTHER ORDERED** that all of the plaintiff's filings with the court shall be mailed to the following address:

---

[1] "Although the statute of limitations is an affirmative defense to liability and ordinarily must be pleaded and proved by the defendant, if it is plain from the complaint that the defense is indeed a bar to the suit, dismissal is proper without further pleading." *Jay E. Hayden Found. v. First Neighbor Bank, N.A.*, 610 F.3d 382, 383-84 (7th Cir. 2010) (citing *Jones v. Bock*, 549 U.S. 199, 214-15 (2007); *Cancer Foundation, Inc. v. Cerberus Capital Management, LP*, 559 F.3d 671, 674-75 (7th Cir. 2009); *Limestone Development Corp. v. Village of Lemont*, 520 F.3d 797, 802 (7th Cir. 2008)). Therefore, the court may dismiss a complaint under 28 U.S.C. § 1915(e)(2)(B) when the complaint demonstrates that the action is untimely and no basis exists to suggest that the statute of limitations might be tolled. *Miles v. Vanderburgh Cty. Jail*, 335 F. App'x 633, 634-35 (7th Cir. 2009); *see also Gordon v. Peoria Sch. Dist. 150*, No. 95-1001, 1995 U.S. App. LEXIS 17070, at *3 (7th Cir. July 10, 1995); *D.R.C. v. Schaeffer*, No. 18-C-186, 2018 U.S. Dist. LEXIS 36879, at *5 (E.D. Wis. Mar. 7, 2018) (Griesbach, C.J.); *cf. Albino v. United Methodist Church*, No. 08-CV-396, 2008 U.S. Dist. LEXIS 121227, at *4 (E.D. Wis. May 9, 2008) (Stadtmueller, J.) (dismissing discrimination complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as untimely). Klumpp was convicted in 2007. Although Wisconsin subsequently shortened the statute of limitations to three years, 2017 Wis. Act 235, in 2007, he had six years in which to bring a civil rights claim, *Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989).

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The plaintiff should also retain a personal copy of each document.

The plaintiff is further advised that the failure to comply with all deadlines in this matter may have serious consequences, which may include the loss of certain rights or the dismissal of this action.

In addition, the plaintiff must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 23rd day of April, 2024.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge