UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MICHAEL KLUMPP,

        Plaintiff,

   v.

Case No. 24-cv-0439-bhl

WASHINGTON COUNTY COURTHOUSE,
JEFF JAEGER and OFFICER DELMORE,

        Defendants.

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

      On April 11, 2024, Plaintiff Michael Klumpp, proceeding *pro se*, filed a complaint against police officer Delmore, Jeff Jaeger, and the Washington County Courthouse. (ECF No. 1.) Klumpp's sprawling ninety-two page complaint is less than clear. He appears to take issue with what happened in Washington County Case Number 2006CM000481, in which a jury convicted him of a fourth offense of operating under the influence.[1] He also alleges that his attorney, Defendant Jaeger, "failed his oath to defend him," and that Jaeger and a police offer conspired to violate his rights. (ECF No. 1 at 2.) He seeks jail time for Delmore and Jaeger, "[r]etrial perhaps," a dismissal of his operating under the influence conviction, "wages + pension" for his lost work hours, for the U.S. Department of Justice and the Federal Bureau of Investigation to investigate and arrest Defendant Jaeger, and "at least" $750,000 in compensatory damages as well as punitive damages. (*Id.* at 4.) Also on April 11, Klumpp filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) Klumpp filed a letter on April 19, 2024 asking about how to obtain a transcript of his 2006 jury trial. (ECF No. 5.)

      On April 23, 2024, Magistrate Judge William E. Duffin granted Klumpp's motion for leave to proceed without prepayment of the filing fee, but also recommending the complaint be dismissed. (ECF Nos. 6 & 7.) Judge Duffin stated that Klummp's complaint had a "general lack

---

[1] *See State v. Klumpp*, Washington Cnty. Case No. 2006CM000481,
https://wcca.wicourts.gov/caseDetail.html?caseNo=2006CM000481&countyNo=66&mode=details.

of clarity regarding its allegations" and the defendants he was attempting to sue. The magistrate judge also faulted the complaint for seeking inappropriate relief, being untimely, and being barred under *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). (ECF No. 7 at 4–5.) Because of these shortcomings, Judge Duffin reasoned that Klumpp's allegations failed to plausibly allege a conspiracy to violate his constitutional rights. (*Id.* at 5.) Klumpp filed both a letter and objections to the Report and Recommendation on May 2, 2024. (ECF Nos. 8 & 9.)

Pursuant to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and (C), and Fed. R. Civ. P. 72(b)(2), Klumpp had until May 7, 2024 to file and serve written objections to the magistrate judge's report. Once objections are made, this Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations *to which objection is made*." *Id.* (emphasis added).

In his letter, Klumpp states that he would have to pay $247.50 for a copy of his Washington County trial transcripts from Case No. 2006CM000481, and asks the Court to order it instead. (ECF No. 8.) Klumpp's objections are perhaps even less clear than his complaint. (*See* ECF No. 9.) He does not object to most of the magistrate judge's ruling; instead, he reiterates confusing anecdotes about the Washington County Sheriff, his 2006 jury trial, and his attorney Jeff Jaeger. (*See id.* at 1–5.) Elsewhere in his filing, Klumpp takes issue with an alleged finding by Judge Duffin that Klumpp's case is frivolous, complains he has had "a couple of sleepless nights since [he] got the court['s] last letter," and insists that Officer Delmore and Jaeger violated his constitutional rights. (*Id.* at 6–7.)

After consideration of Magistrate Judge Duffin's Report and Recommendation, and the record as a whole, the Court adopts the Report and Recommendation of the Magistrate Judge. The record supports the magistrate judge's conclusion that Klumpp's complaint, to the extent that it is understandable, is untimely and barred under *Heck*. Klumpp takes issue with his 2006 conviction, but this is exactly the type of claim forbidden under *Heck*. *See Savory v. Cannon*, 947 F.3d 409, 424 (7th Cir. 2020). And, in Wisconsin, the statute of limitations for a Section 1983 claim is six years, making Klumpp's complaint at least twelve years too late. *See Gray v. Lacke*, 885 F.2d 399, 409 (7th Cir. 1989). Judge Duffin never found that Klumpp's complaint was frivolous; he dismissed it for failure to state a claim.

Therefore,

**IT IS HEREBY ORDERED** that Magistrate Judge Duffin's Report and Recommendation, ECF No. 7, is **ADOPTED**.

**IT IS FURTHER ORDERED** that the complaint, ECF No. 1, is **DISMISSED** without prejudice. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on May 8, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge